UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:

Stuart Jackson                                            Case No. 14-57232
                                                                               Chapter 13
                         Debtor.                              Hon.Lisa S. Gretchko

_____/

**MOTION TO HOLD MICHIGAN DEPARTMENT OF TREASURY VIOLATION OF THE DISCHARGE INJUNCTION**

      NOW COMES, Debtor, Stuart Jackson, by and through her attorneys, Frego & Associates-The Bankruptcy Law office, PLC., in support of his Motion to Hold the Michigan Department of Treasury in Violation of the Discharge Injunction.

## I.    INTRODUCTION

1. Debtor, Stuart Jackson, ("Debtor"), brings this Motion to Hold the Michigan Department of Treasury (Creditor") in Violation of the Discharge Injunction under Section 11 §524 (a) (2).

2. The Debtor is a natural person residing in Wayne County, MI. Debtor is a "consumer" as defined by the FCRA 15 USC 1681(a).

3. Creditor is a governmental agency of the State of Michigan.

## II.    JURISDICTION AND VENUE

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief sought herein are 11 U.S C § 301, 11 §524 (a) (2) of the Bankruptcy Code.

5. Venue is proper in this Court pursuant to 28 USC § 1408(1).

## III.    FACTUAL BACKGROUND

6. Debtor filed his chapter 13 on or about November 5th, 2014.

7. His case was confirmed on or about February 10th, 2015.

8. The case proposed a 100% dividend to creditors and paid 100% of all claims.

9. Creditor filed a claim for unpaid/owed taxes on or about February 6th, 2015. The claim stated that the Debtor owed the Michigan Department of Treasury $658.51
10. The Debtor was discharged on or about January 14th, 2020.
11. On or about March 12th, 2021, the Creditor sent a bill to the Debtor asking for payment in the amount of $6133.00 for taxes from the years 2010, 2011, and 2012 (all tax years that were pre-petition). See Exhibit 1 "Bill".
12. Counsel investigated the matter and was advised by Creditor that they believed the Debtor has failed to file taxes after an IRS audit for the 2010, 2011, and 2012 tax years.
13. Creditor further advised that they were aware of this issue in 2015 but they did not advise Counsel or amend their proof of claim, nor did they file a notice of unfiled taxes.
14. Creditor claims they sent a notice to the Debtor and provided three letter s that state they were mailed in 2015. The Debtor claims that he did not receive these letters. It should be noted that these letters, if sent, were an active attempt to collect a debt during an open Chapter 13. Please see Exhibit 2 "letters".
15. The Debtor has had the same employer for over 25 years and is unaware of any incident or issue that would have required him to amend his tax returns.
16. Creditor is not disputing that they failed to inform Counsel of this situation. They are not disputing that they did not file a notice of unassessed tax returns or note in their proof of claim that some tax returns were unfiled or unassessed. By not notifying this Court, or Counsel, the Debtor is left with a large amount of tax debt that would have been expeditiously paid in full over the course of his Chapter 13. Perhaps most alarming is that the communications that were allegedly sent to the Debtor appear to have been a violation of the Automatic Stay (at the time). It is unclear when the State of Michigan came ot the conclusion that there were unfiled taxes but giving them the maximum benefit of the doubt the State was well aware of this issue in 2015, the same year this case was confirmed. By failing to amend their proof of claim, file a notice of unfiled taxes, or alert Counsel of the issue, they have created a windfall for themselves due to the interest and late fees that accumulated over the course of the Chapter 13.

## III.     LEGAL ARGUMENT

17. Section 11 §524 (a) (2) operates "as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such <u>debt</u> as a personal liability of the <u>debtor</u>".

18. **<u>The Bankruptcy Court for the Eastern District of Michigan has held that creditors do have an affirmative duty to halt their pre-petition collection activities.</u>** In In re McCall-Pruitt, 281 B.R. 910 (Bankr. E.D. Mich. 2002),In re Lawrence Wohleber, Jr., No. 18-8008 (6th Cir. 2019).

19. In this case the Creditor clearly violated the Automatic Stay (although this was unknown at the time) and deliberately did not disclose a potential pre-petition tax liability to the Court.

20. If the taxes were marked as "assessed" (or not included in the proof of Claim ) on the original claim, and information came to light that subsequently made them unassessed the Creditor has an affirmative obligation to amend their claim. It is well withing their right to do so and failure to do so simply creates a windfall for the Creditor to the detriment of the debtor. *In re Unroe,* 937 F.2d 346 (7th Cir. July 15, 1991) *Lee v. Nationstar Mortg., LLC*, No. 16-3156-pcm, 2017 WL 3394482, at *3 (Bankr. D. Or. Aug. 7, 2017)

21. The goal with the Chapter 13 is to resolve these issues in the Chapter 13. At some juncture, the State was made aware the claim they filed was not correct. The Creditor does claim they sent solicitations to pay to the Debtor, during the case, but failed to send the same notice to the Debtor's counsel.

## V.     GROUNDS TO AWARD COSTS AND DAMAGES

22. If a bankruptcy court finds a creditor in civil contempt for violating the discharge injunction, the court may award the debtor compensatory damages, including attorney fees and costs. In re Johnson, 439 B.R. 416, 428 (Bankr. E.D. Mich. 2010), aff'd on other grounds, No. 10-14292, 2011 WL 1983339 (E.D. Mich. May 23, 2011); Gunter, 389 B.R. at 71-72; In re Perviz, 302 B.R. 357, 370 (Bankr. N.D. Ohio 2003). This Court has discretion in deciding whether to award relief, including monetary relief, for a violation of the discharge injunction. See, e.g., Badovick v. Greenspan (In re Greenspan), 464 B.R. 61, No. 10-8019, 2011 WL 310703, at *5 (B.A.P. 6th Cir. 2011) (internal quotation marks and citation omitted) (the court has "broad discretion . . . in selecting an appropriate sanction" for a violation of the discharge injunction); In re Perviz, 302 B.R. 357, 370, 370 n. 4 (Bankr. N.D. Ohio 2003) (sanctions and monetary relief for violations of the discharge injunction are discretionary).

23. A violation of the discharge injunctions is grounds to grant attorney fees for the party that brings the motion. *Badovick v. Greenspan (In re Greenspan)*, No. 10-8019, 2011 Bank. LEXIS 272 (B.A.P. 6th Cir. Feb. 2, 2011)

41. Creditor's actions appear to be a willful violation of the discharge injunction that were far from harmless. Despite having actual knowledge of the Debtor's bankruptcy case, Creditor sent 16 (to date) collection emails demanding payment on a discharge debt.

42. Creditor's conduct has caused not only financial damage to the Debtor but emotional damage as well and should be held accountable.

## VI. **RELIEF SOUGHT**

**WHEREFORE**, Debtor request this Court issue an Order directing Creditor, Michigan Department of Treasury, to cease all collection attempts on any claimed debts owed ot the State of Michigan from tax years 2010, 2011, and 2012, pay the excess costs incurred by Debtor's Counsel in preparing, filing, and prosecuting this motion in the amount of no less than $3,500.00 and for any other relief this Court finds to be just and warranted.

Dated: 12/17/2021

/s/ Eric P. Mulka
David S. Wilkinson P65130
Joseph Bernwanger P71895
Eric P. Mulka P73665
Rachel Sexton P81992
Frego & Associates – The Bankruptcy Law Office, PLC
23843 Joy Road
Dearborn Heights, MI 48127
(313) 724-5088
fregolaw@aol.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:

Stuart Jackson                                    Case No. 14-57232
                                                         Chapter 13
                  Debtor.                              Hon. Lisa S. Gretchko
_____/

## ORDER HOLDING MICHIGAN DEPARTMENT OF TREASUREY FOR VIOLATION OF THE DISCHARGE INJUNCTION AND AWARDING SANCTIONS

      Debtor having filed a Motion to Sanction Creditor, the Michigan Department of Treasury for Violation of the Discharge Injunction, a hearing having been held or a Certificate of No Response having been filed, and the Court being fully advised in the premises;

      **IT IS HEREBY ORDERED** that the Michigan Department of Treasury shall cease any and all collection attempts on any claimed debts owed ot the State of Michigan from tax years 2010, 2011, and 2012

      **IT IS FURTHER ORDERED** that the Michigan Department of Treasury shall cease any and all negative reporting activities, if any, and remove this debt from their records.

      **IT IS FURTHER ORDERED** that the Michigan Department of Treasury shall reimburse Debtor's Counsel for attorney's fees and costs to file and prosecute this motion of no less than $3,500.00 within 14 days from the entry date of this order or from any hearing on a submitted fee application related to this matter.

                                  EXHIBIT 1 (proposed order)

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:

Stuart Jackson                                           Case No. 14-57232
                                                                                                               Chapter 13
                       Debtor.                               Hon.Lisa S. Gretchko
_____/

## NOTICE OF MOTION TO HOLD CREDITOR, MICHIGAN DEPARTMENT OF TREASUREY IN CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION

       Debtor has filed a Motion to Hold Creditor, Michigan Department of Treasurey, in Contempt for a Violation of the Discharge Injunction.

       **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

       If you do not want the Court to grant the relief sought in the motion, or if you want the court to consider your view on the motion, **within 21 days**, you or your attorney must:

1. File with the court a written response or an answer, that complies with F.R. Civ. P. 8(b),(c) and (e), explaining your position at:
   U.S. Bankruptcy Court
   211 W. Fort Street
   Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

       You must also mail a copy to:
       Frego & Associates, The Bankruptcy Law Office, P.L.C., Attorneys for Debtor(s), 23843 Joy Road, Dearborn Heights, MI 48127

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

       **If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

Dated: 12/17/2021                                                    /s/ Eric P. Mulka
                                                                                 David S. Wilkinson P65130
                                                                                 Joseph Bernwanger P71895
                                                                                 Eric P. Mulka P73665
                                                                                 Rachel Sexton P81992
                                                                                 Frego & Associates – The Bankruptcy Law Office, PLC
                                                                                 23843 Joy Road
                                                                                 Dearborn Heights, MI 48127
                                                                                 (313) 724-5088
                                                                                 fregolaw@aol.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:

Stuart Jackson            Case No. 14-57232
           Chapter 13
     Debtor.            Hon..Lisa S. Gretchko

_____/

## CERTIFICATE OF SERVICE

I, Eric P. Mulka, hereby certify that on 12/17/2021, I electronically filed Debtor's Motion to Hold Michigan Department of Treasury In Contempt for a Violation of the Discharge Injunction, Exhibits, and this CERTIFICATE OF SERVICE *and* served by depositing said copies in the U.S. Mail, postage prepaid, properly addressed as follows:

Office of the U.S. Trustee 211 W. Fort St., Ste. 700 Detroit, MI 48226 Michigan Department of Treasury,

Department of Attorney General c/o Dana Nessel Cadillac Place, 10th Fl. 3030 W. Grand Blvd., Ste. 10-200 Detroit, MI 48202 (via 1st class and certified mail)

Michigan Dept. of Treasury c/o Assistant Attorney General State of Michigan 3030 W. Grand Blvd. Suite 10-200, Detroit, MI 48202 Michigan Dept of Treasury Collections/Bankruptcy Unit, PO Box 30168, Lansing, MI 48909

Michigan Dept of Treasury Office of Collections PO Box 77437, Detroit, MI 48277

Michigan Department of Treasury Tax Policy Division Attn: Litigation Liaison 2nd Floor Austin Building 430 West Allegan Street, Lansing, MI 48922

United States Attorney General U.S. Department of Justice 950 Pennsylvania Ave., N.W. Washington, DC 20530

U.S. Attorney Attn: Civil Division Michigan Dept of Treasury 211 W. Fort St., Ste. 2001 Ste. 200 Detroit, MI 48226

Michigan Department of Treasury, Tax Policy Division Attn: Litigation Liaison 2nd Floor, Austin Building 430 West Allegan Street Lansing, MI 48922

NOTE: EXHIBIT HAS BEEN FILED WITH THE COURT. IT IS AVAILABLE FOR REVIEW ON THE COURT FILING SYSTEM.

Dated: 12/17/2021            /s/ Eric P. Mulka
           David S. Wilkinson P65130
           Joseph Bernwanger P71895
           Eric P. Mulka P73665
           Rachel Sexton P81992
           Frego & Associates – The Bankruptcy Law Office, PLC
           23843 Joy Road
           Dearborn Heights, MI 48127
           (313) 724-5088
           fregolaw@aol.com